IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:00-CR-78-2 |
| ) | |
| ) | |
| CRAIG LAMONT BUTLER, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Before the Court is Defendant's Motion to Reduce Sentence re Compassionate Release, and his supplement and documents filed in support.[1] (ECF Nos. 156, 157, and 158.) The Government filed a response opposing Defendant's motion and filed attachments in support. (ECF Nos. 163, 164.) The Court, having considered the arguments of the parties as set forth below, finds Defendant has failed to show an extraordinary and compelling reason for a sentence reduction and that the factors under 18 U.S.C. § 3553(a) counsel against a reduction. Accordingly, Defendant's Motion to Reduce Sentence re Compassionate Release, (ECF No. 156), will be denied.

---

[1] In his motion, Defendant asks for counsel to be appointed. (ECF No. 156 at 1.) That request was considered and denied without prejudice by the Court in an Order entered on October 23, 2023. (ECF No. 159 at 2.)

I. BACKGROUND

Defendant is a federal inmate convicted after a jury trial of attempted possession with intent to distribute in excess of 500 grams of cocaine hydrochloride.[2] (ECF No. 53 at 1.) Defendant was classified as a career offender and faced a sentencing guideline range of 360 months to life imprisonment. (ECF No. 134, ¶ 82.) On November 16, 2000, the Court sentenced Defendant to 360 months imprisonment. (*Id.*) While incarcerated Defendant has filed multiple unsuccessful motions attempting to vacate or reduce his sentence. (*See* ECF Nos. 80, 99, 107, 119, 129, 143, and 148.) Defendant is currently 53 years old, and his projected release date is November 29, 2034.[3]

In his current motion, Defendant seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) or alternatively, asks for a transfer to home confinement pursuant to 18 U.S.C. § 18 U.S.C. § 3624(c)(2). (ECF No 157.) In support he relies on a form he submitted to the warden of his prison facility in 2022. (ECF No. 157.) The form indicates he believes he is a candidate for compassionate release or home confinement because the Covid-19 virus has been detected at his prison facility, he is over the age of 50 and has medical conditions that place him at a heightened risk from Covid. (ECF No. 157 at 1.) The form indicates Defendant has high blood pressure, high cholesterol, breast cancer, and blood in his urine. (*Id.* at 2.) In support of a question about a release plan, he lists courses he has taken while

---

[2] The presentence investigation report indicates Defendant was part of a transaction involving a confidential source and undercover agent in which Defendant and a co-defendant attempted to purchase a total of three kilograms of cocaine, with Defendant providing money to pay for one-third of the drugs. (ECF No. 134, ¶¶ 8-11

[3] Fed. Bureau of Prisons, *Find An Inmate*, https://www.bop.gov/inmateloc/ (last visited Feb. 20, 2025) (enter "20334-057" in BOP Register Number field).

incarcerated and indicates he has obtained his personal training certification and taken a commercial driver's license class. (*Id.* at 3.)

The Government opposes the motion for compassionate release. (ECF No. 163 at 1.) The Government asserts Defendant's medical conditions are being well managed by the Bureau of Prisons ("BOP") and do not amount to an extraordinary and compelling reason for relief. (*Id.* at 7-8.) The Government further argues a consideration of the § 3553(a) sentencing factors, including the fact he committed a new offense while in BOP custody, weigh against release. (*Id.* at 16-17.)

## II. DISCUSSION

A sentence imposed under the law is intended to be final. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010). However, a sentence may be modified when a specific provision of law or statute provide a basis for relief. *Id.*; *see also* 18 U.S.C. § 3582(b). To receive a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), a defendant must show: (1) extraordinary and compelling reasons exist to support a reduction; (2) a consideration of the relevant 18 U.S.C. § 3553(a) factors weigh in favor of sentence reduction; and (4) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission. *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024)*; United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024).

Section 3582 requires a defendant to exhaust administrative remedies before seeking relief in court. *See* 18 U.S.C. § 3582(c)(1)(A). Defendant satisfied the exhaustion requirement by filing a request for compassionate release with the BOP on or about January 31, 2021,

which was denied. (ECF No. 163-2 at 1-5.) The Court will, therefore, proceed to the merits of Defendant's motion.

### A. Extraordinary and Compelling Reasons

The Court may reduce a defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and a "reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A); *see also United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022). While a court has broad discretion to consider what constitutes an extraordinary and compelling reason under § 3582(c)(1)(A), a court is not wholly unrestricted. *See Davis*, 99 F.4th at 657. Section 3582 is not an opportunity for resentencing, but an opportunity to modify a sentence in circumstances as guided by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817, 825 (2010).

The Sentencing Commission policy advises that a defendant's medical circumstances may establish an extraordinary and compelling circumstance when:

> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>
> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>
> (iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1)(D). Accordingly, a risk from Covid-19 may be considered an extraordinary and compelling circumstance, however a defendant must show both "the risk of Covid-19 is higher in prison than outside of it, and that his preexisting conditions increase

the risk of experiencing a serious or fatal case of the virus." *Davis*, 99 F.4th at 655 (citing *United States v. Brown*, 78 F.4th 122, 128 (4th Cir. 2023).)

Evidence in the record shows Defendant has numerous serious medical conditions. He was diagnosed with breast cancer in 2022, and suffers from hypertension, high cholesterol, a renal cyst, a bladder mass, unspecified kidney disease, and blood in the urine. (ECF No. 158 at 2, ECF No. 164-1 at 8-9, 18, 35-36, 309, ECF No. 164-2 at 6-7.) However, Defendant fails to identify any specific concerns about his care. The medical records reflect Defendant is receiving treatment for his medical conditions and his conditions appear to be adequately managed while in BOP custody. (*See, generally*, ECF No. 164-1 at 1-328.) The treatment for his breast cancer has included a lumpectomy and radiotherapy, and Defendant continues to be routinely monitored and takes Tamoxifen daily.[4] (ECF No. 158 at 9-10, ECF No. 164-1 at 4, 6, 13, 308-09.) Several of Defendant's health issues have been known to increase susceptibility to serious illness from Covid-19.[5] However, Defendant has received the Covid-19 vaccine as well as several booster shots, (ECF Nos. 164-4 at 1, 164-5 at 1), mitigating his risk from the Covid virus. *See, e.g.*, *Davis*, 99 F.4th at 655-56.

Nor does Defendant provide any information to suggest he is at higher risk in BOP custody than he would be outside of prison. Defendant has failed to identify any concerns about his care or suggest he might be in a better position with treatment upon release, and

---

[4] Tamoxifen is "a hormone therapy used to treat hormone receptor-positive breast cancer. It can greatly reduce the risk of cancer recurrence (return) and invasive cancer." https://my.clevelandclinic.org/health/treatments/9785-tamoxifen (last visited March 3, 2025).

[5] CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited March 3, 2025).

5

Defendant has failed to show he is at a correctional facility "affected or at imminent risk of being affected" by a Covid-19 outbreak or public health emergency. *See* U.S.S.G. § 1B1.13(b)(1)(D)(i). The general Covid-19 Public Health Emergency Declaration ended on May 11, 2023.[6] Defendant is presently incarcerated at FCI Petersburg Low, and he does not allege a particular risk at that facility. The available data shows that FCI Petersburg, which includes FCI Petersburg Low and Medium, currently has zero open cases of Covid-19.[7] Accordingly, Defendant fails to establish an extraordinary and compelling circumstance based on the risk from Covid-19 and his health.

Moreover, to the extent Defendant may be arguing that his cancer diagnosis alone or his cancer diagnosis when combined with his age and other medical conditions may themselves warrant a reduction, he has failed to show an extraordinary and compelling circumstance. Beyond the subsection addressing a risk from an outbreak or public health emergency, the Sentencing Commission policy advises a defendant's medical circumstances may establish an extraordinary and compelling circumstances when:

> (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (B) The defendant is—
>
> (i) suffering from a serious physical or medical condition,

---

[6] CDC, *End of the Federal Covid-19 Public Health Emergency (PHE) Declaration*, https://archive.cdc.gov/www_cdc_gov/coronavirus/2019-ncov/your-health/end-of-phe.html (last updated Sep. 12, 2023).

[7] *See* https://www.bop.gov/about/statistics_inmate_covid19.jsp (last visited March 3, 2025, and data last updated Jan. 21, 2025.) Facility code for FCI Petersburg is PEX.

6

(ii) suffering from a serious functional or cognitive impairment, or

(iii) experiencing deteriorating physical or mental health because of the aging process,

>that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

U.S.S.G. § 1B1.13(b)(1). The Defendant fails to show he is suffering from a terminal illness or that he is suffering from a serious medical condition or deteriorating health that "substantially diminishes the ability of the defendant to provide self-care" within the prison or "a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(A)-(C). Again, Defendant fails to identify any concerns about his medical treatment or the facility. The records reflect Defendant has received thorough and regular care for his medical conditions, and has reached a point in his cancer treatment that he has been transferred from the medical correctional facility at Butner to a non–medical facility.[8] Moreover, Defendant has been cleared to work in the kitchen at his institution, (ECF No. 164-3 at 2), demonstrating his conditions do not involve any significant physical limitations or require restrictions from the general population to protect his health. Accordingly, the Court finds Defendant has failed to demonstrate a condition that amounts to an extraordinary and compelling circumstance warranting a modification of sentence.

---

[8] Fed. Bureau of Prisons, *Find An Inmate*, https://www.bop.gov/inmateloc/ (last visited Mar. 5, 2025) (enter "20334-057" in BOP Register Number field).

### B.     18 U.S.C. § 3553(a) Factors

Defendant has failed to show an extraordinary and compelling reason warranting a sentence reduction, and therefore the Court is not required to further consider whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a reduction. However, the Court finds that even if an extraordinary and compelling reason existed, an analysis of the § 3553(a) factors would not support granting relief. Under § 3553(a) the goal is for a sentence "sufficient, but not greater than necessary" to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). The Court weighs whether the nature of the offense, a defendant's personal history, the sentence relative to the nature and seriousness of his offense, the need for a sentence to find just punishment for the crime, the need to protect the public and deter crime, the need to provide a defendant with effective rehabilitative circumstances, the need to avoid sentencing disparity, and other sentencing considerations weigh in favor of relief. *See id.* A court may consider post-sentencing facts in the record such as behavior while incarcerated and rehabilitation efforts. *United States v. Martin*, 916 F.3d 389, 397 (4th Cir. 2019); U.S.S.G. § 1B1.13(d). The "rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances" when considering "whether and to what extent" to reduce a sentence. U.S.S.G. § 1B1.13(d).

The Court finds a consideration of the § 3553(a) factors overall weighs against a reduction in sentence. The record reflects Defendant has participated in BOP programming and made some efforts at rehabilitation while incarcerated. (ECF No. 157 at 2; ECF No. 163-5 at 1.) The Court recognizes these positive steps, but also notes such efforts are expected of an inmate. *See United States v. Logan*, 532 F. Supp. 3d 725, 735 (D. Minn. 2021) ("Prisoners are

supposed to follow the rules, take classes, work at a job, and otherwise attempt to improve themselves. That a prisoner does so means that he has met baseline expectations, not that he has done something extraordinary.") Moreover, the record also shows Defendant has engaged in some less desirable post-sentencing conduct. Defendant's prison record shows multiple disciplinary infractions, (ECF No. 163-4 at 1-3), and while incarcerated for the instant offense he committed and was convicted of a violation of 18 U.S.C. § 1791 (A)(1) & (2) for obtaining a prohibited object (a firearm) by a federal prisoner.[9] *See United States v. Butler*, Case No. 5:07CR358 (E.D.N.C.) (ECF No. 14.) (ECF No. 163-1 at 3.) This conduct demonstrates an ongoing inability or unwillingness to conform to the rules and law. The Court also considers that Defendant was convicted of the instant offense after previously serving time for felony possession with intent to sell and deliver cocaine, showing he returned to similar unlawful behavior upon release from incarceration. (ECF No. 134, ¶¶ 2 and 38.) Accordingly, the Court determines the § 3553(a) factors, most particularly the defendant's personal history, the need to deter crime, and the need to protect the public all weigh against granting a reduction in sentence. A reduced sentence would not promote respect for the law, afford adequate deterrence, or protect the public. *See* 18 U.S.C. § 3553(a)(2).

C. **Home Confinement**

In addition to the request for compassionate relief, the forms, originally filed with the warden and now presented to this Court in ECF No. 157, refer to a request for home

---

[9] Smuggling the firearm into Butner Federal Correctional Institution was part of a plan to obtain and hide a weapon inside the prison so Defendant and his co-conspirator could blame and report other prisoners for the firearm in an attempt to receive a reduction in sentence. *See United States v. Butler*, Case No. 5:07CR358 (E.D.N.C.) (ECF No. 4 at 1-2.) The plan was successful insofar as Defendant and the co-conspirator were able to obtain a firearm inside the prison. (*Id.* at 2.)

confinement pursuant to 18 U.S.C. § 3624(c)(2). Insofar as Defendant may be seeking such relief from this Court, the request must be denied. The authority to place a defendant in home confinement pursuant to § 3624(c)(2) is within the discretion of the BOP, not this Court. *See United States v. Lowe*, No. 1:15CR11-1, 2019 WL 3858603, at *2 (M.D.N.C. Aug. 16, 2019). Further, home confinement is available only under specific circumstances, such as the lesser of the final ten percent or final 6 months of the sentence of imprisonment, that do not currently apply to Defendant's sentence. *See* 18 U.S.C. § 3624(c)(2).

For the reasons stated above, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence re Compassionate Release, (ECF No. 156), is **DENIED.**

This, the 13th day of March 2025.

/s/ Loretta C. Biggs
Senior United States District Judge